3/3/2022 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 62282280
By: Maria Rodriguez
Filed: 3/3/2022 3:58 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RODOLFO VARELA, AND ARTURO VARELA; | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| VS. | § § | _____ JUDICIAL DISTRICT |
| HALLIBURTON ENERGY SERVICES, INC., ASERETRUCKING LLC, RAFAEL CAYETANO CESAREO, AND JOSUE ANTONIO MORALES-TINAJERO; | § § § § § | |
| Defendants | § | HARRIS COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION**

Rodolfo Varela and Arturo Varela file this Original Petition against Defendants Halliburton Energy Services, Inc., AsereTrucking LLC, Rafael Cayetano Cesareo, and Josue Antonio Morales-Tinajero, and would show unto the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs request that this lawsuit be conducted under Level 3 of the Discovery Control Plan.  As such, absent an agreement by and between all parties, Plaintiffs request that a case management conference be set at the Court's earliest convenience so that a discovery/docket control order be entered.

## II. PARTIES

2.1    Plaintiff Rodolfo Varela resides in Texas.

2.2    Plaintiff Arturo Varela resides in Texas. Arturo is Rodolfo's son.

2.3    Defendant Halliburton is a foreign corporation with its principal office in Houston, Harris County, Texas. It may be served by serving its registered agent, Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701. *Citation is requested*.

**EXHIBIT C**

2.4     Defendant AsereTrucking is a Texas limited liability company with its principal office in Odessa, Texas. It may be served by serving its registered agent, Jacqueline Castaneda 9881 W. 18th Street, Odessa, Texas 79763. *Citation is requested*.

2.5     Defendant Rafael Cayetano Cesareo is an adult resident of Texas. He may be served at his residence, 1103 N. Main, Midland, Texas 79701, or wherever he may be found. *Citation is requested*.

2.5     Defendant Josue Antonio Morales-Tinajero is an adult resident of Mexico. He may be served at his residence, 20 De Mayo 57, Acambaro, GU, MX 38750, or wherever he may be found. *Citation is requested*.

### III.  VENUE AND JURISDICTION

3.1     Venue as to this petition is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Harris County is the county in which Defendant Halliburton maintains its principal office in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. Venue is proper as to all Defendants because the causes of action herein arise out of the same transaction, occurrence, or series of transactions or occurrences. TEX. CIV. PRAC. & REM. CODE ANN. § 15.005.

3.2     Pursuant to Rule 47, Plaintiffs plead that, as a consequence of Defendants' negligent and grossly negligent actions and omissions as described herein and as may be discovered through further investigation and the severe injuries such acts and omissions caused Plaintiffs, the amount sought herein exceeds the minimum jurisdictional limits of this Court. TEX. R. CIV. P. 47. Plaintiffs seek, and asks the jury to award, in excess of $1,000,000.00.

## IV. <u>THE INCIDENT IN QUESTION</u>

4.1     On or about January 31, 2022, Plaintiff Rodolfo was driving a pickup and trailer southbound on Highway 115 in Winkler County, Texas. His son, Arturo, was following him in another vehicle.

4.2     Defendant Morales-Tinajero was in Defendant AsereTrucking's tractor trailer combination on the northbound side of Highway 115 waiting to turn into a sand facility. The crash report shows the scene:



4.3     All of a sudden and without warning to Rodolfo, Defendant Morales-Tinajero recklessly and unsafely turned into Rodolfo's driver's side.

4.4     Defendant Halliburton had hired Defendant AsereTrucking to transport a load, and at the time of the crash, Defendant Morales-Tinajero was driving in the course and scope of his employment or agency with Defendant AsereTrucking. Defendant AsereTrucking was acting in the course and scope of its employment or agency with Defendant Halliburton.

4.5     Defendant AsereTrucking has demonstrably awful out-of-service rates of more than double the national average for both driver and vehicle out-of-service matters. No reasonable company would have hired AsereTrucking to transport a load.

4.6     Plaintiff Rodolfo was severely injured in the crash, and Plaintiff Arturo witnessed the tragic events.

## V. <u>RESPONDEAT SUPERIOR LIABILITY</u>

5.1     Plaintiffs incorporate by reference all other paragraphs of this petition as if fully set forth herein.

5.2     Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Morales-Tinajero was engaged in the course and scope of his employment with Defendant AsereTrucking. Therefore, Defendant AsereTrucking is responsible and liable for the conduct of its employee based on the doctrine of respondent superior.

5.3     In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Morales-Tinajero was acting as a representative and/or agent/sub-agent of Defendant AsereTrucking. Therefore, Defendant AsereTrucking is responsible and liable for the conduct of Defendant Morales-Tinajero based on agency and sub-agency principles.

5.4     Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant AsereTrucking was engaged in the course and scope of its employment with Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of AsereTrucking based on the doctrine of respondent superior.

5.5     In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant AsereTrucking was acting as a representative and/or agent/sub-agent of Defendant Halliburton. Therefore, Defendant Halliburton is

responsible and liable for the conduct of Defendant AsereTrucking based on agency and sub-agency principles.

5.6    Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Cesareo was engaged in the course and scope of his employment with Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of Cesareo based on the doctrine of respondent superior.

5.7    In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Cesareo was acting as a representative and/or agent/sub-agent of Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of Defendant Cesareo based on agency and sub-agency principles.

## VI.  PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT ASERETRUCKING

6.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

6.2    Defendant AsereTrucking committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.    Failure to provide adequate training to its drivers in the operation of their vehicle;

b.    Failure to provide training which met industry standards;

c.    Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.    Negligent hiring, supervision, retention, training, and entrustment;

e.    Failing to exercise reasonable care in the selection and monitoring of its drivers;

f.    Failing to enforce its safety policies, if any, provided to its drivers; and

g.      Other acts or omissions of negligence that may be discovered.

6.3      Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## VII. PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT MORALES-TINAJERO

7.1      Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

7.2      Defendant Morales-Tinajero committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.      Failure to maintain a safe speed;

b.      Failure to maintain a safe travelling distance;

c.      Failure to keep a proper lookout;

d.      Failure to comply with the law, ordinances and regulations of the State of Texas;

d.      Failure to follow industry safety standards;

e.      Failing to exercise reasonable care in driving; and

f.      Other acts or omissions of negligence that may be discovered.

7.3      Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## VIII. PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT HALLIBURTON

8.1      Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

8.2    Defendant Halliburton committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.    Failure to provide adequate training to its drivers and/or contractors in the operation of their vehicle;

b.    Failure to provide training which met industry standards;

c.    Failure to train its drivers and/or contractors to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.    Negligent hiring, supervision, retention, training, selection, and entrustment;

e.    Failing to exercise reasonable care in the selection and monitoring of its drivers and/or contractors;

f.    Failing to enforce its safety policies, if any, provided to its drivers and/or contractors; and

g.    Other acts or omissions of negligence that may be discovered.

8.3    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## IX.  PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT CESAREO

9.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

9.2    Defendant Cesareo committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.    Failure to provide adequate training to his drivers and/or contractors in the operation of his vehicle;

b.    Failure to provide training which met industry standards;

c.  Failure to train his drivers and/or contractors to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.  Negligent hiring, supervision, retention, training, selection, and entrustment;

e.  Failing to exercise reasonable care in the selection and monitoring of his drivers and/or contractors;

f.  Failing to enforce his safety policies, if any, provided to his drivers and/or contractors; and

g.  Other acts or omissions of negligence that may be discovered.

9.3  Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## X. DAMAGES

10.1  Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

### A. DAMAGES

10.2  As a result of the collision, Plaintiff has suffered, in the past and in the future, physical injuries, conscious pain and suffering, mental pain and anguish, impairment, disfigurement, and medical expenses. Plaintiff has also suffered economic damages such as lost wages, loss of earning capacity in the future, and other economic damages for which Plaintiff is permitted to recover under the law.

### B. EXEMPLARY DAMAGES

10.3  Defendants' acts or omissions described above, when viewed from the standpoint of the Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff, and to others. Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or

welfare of Plaintiff, and of others. Therefore, for such negligence involving extreme risk and conscious indifference of Defendants, Plaintiff seeks exemplary damages in an amount to be determined appropriate by the jury at trial.

### XI.  PREJUDGMENT AND POST-JUDGMENT INTEREST

11.1    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

### XII.  REQUEST FOR JURY TRIAL

12.1    Plaintiff requests a jury trial and tender the appropriate fee

### XIII.  NOTICE OF USE OF DOCUMENTS PRODUCED

13.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that all documents produced by the Defendants will be used at any pretrial proceeding or at the trial of this case.

### PRAYER

Plaintiffs pray that, upon final trial by jury, that they recover judgment of and from Defendants for his actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, exemplary damages, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

By: _____
Todd A. Hunter, Jr.
State Bar No. 24087774
Todd@lileswhite.com
**LILES WHITE PLLC**
500 N. Water St., Suite 800
Corpus Christi, TX 78401-0232
Tel: 361.826.0100

*Varela v. Halliburton et al.*
*Plaintiff's Original Petition*
Page 9 of 10
**EXHIBIT C**

Fax: 361.826.0101
*Counsel for Plaintiff*
**E-Filing Notifications and Electronic
Service:** Efiling@LilesWhite.com

AND

Juan Reyna
State Bar No. 24027649
**Reyna Injury Lawyers, P.C.**
Principle Office
5656 S. Staples, Ste. 114
Corpus Christi, Texas 78411
Cel:  (361) 537-2457
Tel:  (361) 993-8100
Fax: (361) 993-8101
jr@jreynalawfirm.com
www.reynainjurylaw.com
*Co-Counsel for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Grace Silvas on behalf of Todd Hunter, Jr.
Bar No. 24087774
grace@lileswhite.com
Envelope ID: 62282280
Status as of 3/3/2022 4:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Liles WhiteNotifications | | efiling@lileswhite.com | 3/3/2022 3:58:23 PM | SENT |
| Juan P. Reyna | 24027649 | jr@jreynalawfirm.com | 3/3/2022 3:58:23 PM | SENT |

**EXHIBIT C**

3/29/2022 11:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63047490
By: KATINA WILLIAMS
Filed: 3/29/2022 11:06 AM

CAUSE NO. 2022-13262

| | | |
|---|---|---|
| RODOLFO VARELA and | § | IN THE DISTRICT COURT OF |
| ARTURO VARELA | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HALLIBURTON ENERGY SERVICES, INC., | § | |
| ASERETRUCKING LLC, RAFAEL | § | |
| CAYETANO CESAREO and JOSUE | § | |
| ANTONIO MORALES-TINAJERO | § | 152ND JUDICIAL DISTRICT |

## DEFENDANT HALLIBURTON ENERGY SERVICES, INC.'S
## ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HALLIBURTON ENERGY SERVICES, INC., Defendant herein, and for answer to Plaintiffs' Original Petition would respectfully show the Court as follows:

### I.

Defendant, HALLIBURTON ENERGY SERVICES, INC., denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and upon trial will demand strict proof thereof.

### II.

Further answering, Defendant, HALLIBURTON ENERGY SERVICES, INC., would respectfully show that, if the injuries to Plaintiffs occurred as alleged, although it is not so acknowledged, then such injuries were the result of Plaintiffs' own negligence, and that such negligence, in whole or in part, was a proximate cause of Plaintiffs' injuries and damages, if any.

**EXHIBIT C**

### III.

Further answering, Defendant, HALLIBURTON ENERGY SERVICES, INC., would respectfully show that, if the injuries to Plaintiffs occurred as alleged, although it is not so acknowledged, then the injuries were directly and proximately caused by the acts and omissions of individuals, including Plaintiffs, and third persons for whom Defendant is not responsible, and such acts were the sole cause, sole proximate cause, producing cause and new and independent intervening cause of the alleged injuries to Plaintiffs, if any, which are not admitted but are denied.

### IV.

Answering further, if further answer be required, Defendant, HALLIBURTON ENERGY SERVICES, INC., specifically pleads the doctrine of comparative fault, should it prove to be applicable to the facts of this case.

### V.

In the unlikely event that Defendant is found liable to Plaintiffs, Defendant affirmatively pleads that it is entitled to a credit or offset for any and all sums Plaintiffs received or may hereafter receive by way of any and all settlements, loan receipts or Mary Carter type agreement, arising from Plaintiffs' claims and causes of action. As allowed by Rule 48 of the Texas Rules of Civil Procedure, Defendant alternatively asserts its right to a proportionate reduction or offset of any damages found against Defendant based upon the percentage of negligence attributable to any settling tortfeasor under Tex. Rev. Civ. Prac. & Rem. Code § 33.011 - § 33.016 or any other applicable law.

2

**EXHIBIT C**

## VI.

Further answering, if such be necessary, Defendant, HALLIBURTON ENERGY SERVICES, INC., would show that the incident made the basis of this suit was a result of an unavoidable accident.

## VII.

Defendant, HALLIBURTON ENERGY SERVICES, INC., invokes § 18.091 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant further requests the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs are subject to federal income taxes.

## VIII.

Alternatively, and without waiving the foregoing, Defendant, HALLIBURTON ENERGY SERVICES, INC., affirmatively pleads the defense set forth in the Texas Civil Practice and Remedies Code Section 18.091 requiring Plaintiffs to prove loss of earning and/or loss of earning capacity in the form which represents the net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Ann. § 18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs, if any, is subject to federal or state income taxes.

3

**EXHIBIT C**

**IX.**

Further, Defendant, HALLIBURTON ENERGY SERVICES, INC., invokes § 41.0105 of the Texas Civil Practice & Remedies Code and requests that to the extent Plaintiffs seek recovery of medical or healthcare expenses, any recovery be limited to the amount of expenses actually paid or incurred by or on behalf of the Plaintiffs.

**X.**

Further answering, is such be necessary, Defendant would show that if Plaintiffs have failed to make and perfect any available claim for health insurance or worker's compensation insurance or any other available method of reducing the cost of necessary medical care, then Plaintiffs have failed to mitigate their damages as required by law, and any recovery herein should be reduced on that basis.

**XI.**

Pursuant to Texas Rules of Civil Procedure 193.7, Defendant, HALLIBURTON ENERGY SERVICES, INC., hereby gives actual notice to Plaintiffs that any and all documents produced by Plaintiffs may be used against Plaintiffs at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

WHEREFORE, PREMISES CONSIDERED, Defendant, HALLIBURTON ENERGY SERVICES, INC., prays that upon trial hereof, Plaintiffs take nothing and that said Defendant be discharged with its costs, and for such other and further relief as the justice of the cause may require.

4

**EXHIBIT C**

Respectfully submitted,

HILL & FINKEL, L.L.P.

W. Bradford Hill, Jr.
SBN: 09656200
602 Sawyer, Suite 450
Houston, Texas 77007
Telephone: 713.654.4004
Facsimile: 713.654.4028
Email: bhill@hillfinkel.com

ATTORNEY FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document, has been forwarded via electronic delivery on this 29th day of March, 2022 to the following:

Todd A. Hunter, Jr.
Liles White PLLC
500 N. Water St., Suite 800
Corpus Christi, Texas 78401
Efiling@LilesWhite.com

Juan Reyna
Reyna Injury Lawyers, P.C.
5656 S. Staples, Suite 114
Corpus Christi, Texas 78411
jr@jreynalawfirm.com

W. Bradford Hill, Jr.

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sandra Silvas on behalf of William Hill Jr
Bar No. 09656200
ssilvas@hillfinkel.com
Envelope ID: 63047490
Status as of 3/29/2022 11:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| W BradfordHill Jr | | bhill@hillfinkel.com | 3/29/2022 11:06:53 AM | SENT |
| Todd Hunter | 24087774 | efiling@lileswhite.com | 3/29/2022 11:06:53 AM | SENT |
| Juan P. Reyna | 24027649 | jr@jreynalawfirm.com | 3/29/2022 11:06:53 AM | SENT |

**EXHIBIT C**

6/1/2022 2:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65028754
By: Iliana Perez
Filed: 6/1/2022 2:22 PM

LoCAUSE NO. 2022-13262

| | | |
|---|---|---|
| RODOLFO VARELA, AND ARTURO VARELA; | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| VS. | § § | 152nd JUDICIAL DISTRICT |
| HALLIBURTON ENERGY SERVICES, INC., LOHI LOGISTICS, LLC, ASERETRUCKING LLC, RAFAEL CAYETANO CESAREO, AND JOSUE ANTONIO MORALES-TINAJERO; | § § § § § | HARRIS COUNTY, TEXAS |
| Defendants | | |

## PLAINTIFFS' FIRST AMENDED PETITION

Rodolfo Varela and Arturo Varela file this First Amended Petition against Defendants Halliburton Energy Services, Inc., LoHi Logistics, LLC, AsereTrucking LLC, Rafael Cayetano Cesareo, and Josue Antonio Morales-Tinajero, and would show unto the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs request that this lawsuit be conducted under Level 3 of the Discovery Control Plan.  As such, absent an agreement by and between all parties, Plaintiffs request that a case management conference be set at the Court's earliest convenience so that a discovery / docket control order be entered.

## II. PARTIES

2.1     Plaintiff Rodolfo Varela resides in Texas.

2.2     Plaintiff Arturo Varela resides in Texas. Arturo is Rodolfo's son.

2.3     Defendant Halliburton is a foreign corporation with its principal office in Houston, Harris County, Texas. It may be served by serving its registered agent, Capitol

**EXHIBIT C**

Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701. *Defendant has filed an answer and made an appearance herein.*

2.4     Defendant LoHi Logistics LLC appears to have its main office in Denver, Colorado. It may be served by serving its registered agent, COGENCY GLOBAL INC., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201. *Citation is requested.*

2.5     Defendant AsereTrucking is a Texas limited liability company with its principal office in Odessa, Texas. It may be served by serving its registered agent, Jacqueline Castaneda 9881 W. 18th Street, Odessa, Texas 79763.

2.6     Defendant Rafael Cayetano Cesareo is an adult resident of Texas. He may be served at his residence, 1103 N. Main, Midland, Texas 79701, or wherever he may be found.

2.7     Defendant Josue Antonio Morales-Tinajero is an adult resident of Mexico. He may be served at his residence, 20 De Mayo 57, Acambaro, GU, MX 38750, or wherever he may be found.

## III. VENUE AND JURISDICTION

3.1     Venue as to this petition is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because Harris County is the county in which Defendant Halliburton maintains its principal office in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. Venue is proper as to all Defendants because the causes of action herein arise out of the same transaction, occurrence, or series of transactions or occurrences. TEX. CIV. PRAC. & REM. CODE ANN. § 15.005.

3.2     Pursuant to Rule 47, Plaintiffs plead that, as a consequence of Defendants' negligent and grossly negligent actions and omissions as described herein and as may be discovered through further investigation and the severe injuries such acts and omissions caused Plaintiffs, the amount sought herein exceeds the minimum jurisdictional limits of

**EXHIBIT C**

this Court. TEX. R. CIV. P. 47. Plaintiffs seek, and asks the jury to award, in excess of $1,000,000.00.

## IV. <u>THE INCIDENT IN QUESTION</u>

4.1    On or about January 31, 2022, Plaintiff Rodolfo was driving a pickup and trailer southbound on Highway 115 in Winkler County, Texas. His son, Arturo, was following him in another vehicle.

4.2    Defendant Morales-Tinajero was in Defendant AsereTrucking's tractor trailer combination on the northbound side of Highway 115 waiting to turn into a sand facility. The crash report shows the scene:



4.3    All of a sudden and without warning to Rodolfo, Defendant Morales-Tinajero recklessly and unsafely turned into Rodolfo's driver's side.

4.4    Defendant Halliburton entered into a broker agreement with Defendant LoHi Logistics to transport their trailer. Defendant Halliburton then hired Defendant AsereTrucking to transport a load, and at the time of the crash, Defendant Morales-Tinajero was driving in the course and scope of his employment or agency with Defendant AsereTrucking. Defendant AsereTrucking was acting in the course and scope of its employment or agency with Defendant Halliburton. Defendant LoHi Logistics

**EXHIBIT C**

coordinate the work to be performed by Defendant AsereTrucking and Defendant Morales-Tinajero.

4.5     Defendant AsereTrucking has demonstrably awful out-of-service rates of more than double the national average for both driver and vehicle out-of-service matters. No reasonable company would have hired AsereTrucking to transport a load.

4.6     Plaintiff Rodolfo was severely injured in the crash, and Plaintiff Arturo witnessed the tragic events.

## V. RESPONDEAT SUPERIOR LIABILITY

5.1     Plaintiffs incorporate by reference all other paragraphs of this petition as if fully set forth herein.

5.2     Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Morales-Tinajero was engaged in the course and scope of his employment with Defendant AsereTrucking and/or Defendant LoHi Logistics. Therefore, Defendant AsereTrucking and/or Defendant LoHi Logistics are responsible and liable for the conduct of its employee based on the doctrine of respondent superior.

5.3     In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Morales-Tinajero was acting as a representative and/or agent/sub-agent of Defendant AsereTrucking and/or Defendant LoHi Logistics. Therefore, Defendant AsereTrucking and/or Defendant LoHi Logistics are responsible and liable for the conduct of Defendant Morales-Tinajero based on agency and sub-agency principles.

5.4     Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant AsereTrucking was engaged in the course and scope of its employment with Defendant Halliburton. Therefore, Defendant Halliburton is

**EXHIBIT C**

responsible and liable for the conduct of AsereTrucking based on the doctrine of respondent superior.

5.5     In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant AsereTrucking and/or Defendant LoHi Logistics were acting as a representative and/or agent/sub-agent of Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of Defendant AsereTrucking and/or Defendant LoHi Logistics based on agency and sub-agency principles.

5.6     Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Cesareo was engaged in the course and scope of his employment with Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of Cesareo based on the doctrine of respondent superior.

5.7     In the alternative, Plaintiffs would show that at the time of the incident made the basis of this lawsuit, Defendant Cesareo was acting as a representative and/or agent/sub-agent of Defendant Halliburton. Therefore, Defendant Halliburton is responsible and liable for the conduct of Defendant Cesareo based on agency and sub-agency principles.

## VI.  PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT ASERETRUCKING

6.1     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

6.2     Defendant AsereTrucking committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.     Failure to provide adequate training to its drivers in the operation of their vehicle;

**EXHIBIT C**

b.      Failure to provide training which met industry standards;

c.      Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.      Negligent hiring, supervision, retention, training, and entrustment;

e.      Failing to exercise reasonable care in the selection and monitoring of its drivers;

f.      Failing to enforce its safety policies, if any, provided to its drivers; and

g.      Other acts or omissions of negligence that may be discovered.

6.3     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## VII.  PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT MORALES-TINAJERO

7.1     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

7.2     Defendant Morales-Tinajero committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.      Failure to maintain a safe speed;

b.      Failure to maintain a safe travelling distance;

c.      Failure to keep a proper lookout;

d.      Failure to comply with the law, ordinances and regulations of the State of Texas;

d.      Failure to follow industry safety standards;

e.      Failing to exercise reasonable care in driving; and

f.      Other acts or omissions of negligence that may be discovered.

*Varela v. Halliburton et al.*
*Plaintiff's 1st Amd. Petition*
Page 6 of 11

**EXHIBIT C**

7.3    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

**VIII.  <u>PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT HALLIBURTON</u>**

8.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

8.2    Defendant Halliburton committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.    Failure to provide adequate training to its drivers and/or contractors in the operation of their vehicle;

b.    Failure to provide training which met industry standards;

c.    Failure to train its drivers and/or contractors to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.    Negligent hiring, supervision, retention, training, selection, and entrustment;

e.    Failing to exercise reasonable care in the selection and monitoring of its drivers and/or contractors;

f.    Failing to enforce its safety policies, if any, provided to its drivers and/or contractors; and

g.    Other acts or omissions of negligence that may be discovered.

8.3    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

**IX.  <u>PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT CESAREO</u>**

**EXHIBIT C**

9.1     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

9.2     Defendant Cesareo committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

a.      Failure to provide adequate training to his drivers and/or contractors in the operation of his vehicle;

b.      Failure to provide training which met industry standards;

c.      Failure to train his drivers and/or contractors to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.      Negligent hiring, supervision, retention, training, selection, and entrustment;

e.      Failing to exercise reasonable care in the selection and monitoring of his drivers and/or contractors;

f.      Failing to enforce his safety policies, if any, provided to his drivers and/or contractors; and

g.      Other acts or omissions of negligence that may be discovered.

9.3     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

### V.  PLAINTIFF'S CLAIMS OF NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE AGAINST DEFENDANT LOHI LOGISTICS

10.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

10.2    Defendant LoHi Logistics committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

**EXHIBIT C**

a.    Failure to provide adequate training to its drivers in the operation of their vehicle;

b.    Failure to provide training which met industry standards;

c.    Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas;

d.    Negligent hiring, supervision, retention, training, and entrustment;

e.    Failing to exercise reasonable care in the selection and monitoring of its drivers;

f.    Failing to enforce its safety policies, if any, provided to its drivers; and

g.    Other acts or omissions of negligence that may be discovered.

10.3    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and resulting injuries and Plaintiff's damages that are described below with more particularity.

## XI. DAMAGES

11.1    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

### A.    DAMAGES

11.2    As a result of the collision, Plaintiff has suffered, in the past and in the future, physical injuries, conscious pain and suffering, mental pain and anguish, impairment, disfigurement, and medical expenses. Plaintiff has also suffered economic damages such as lost wages, loss of earning capacity in the future, and other economic damages for which Plaintiff is permitted to recover under the law.

### B.    EXEMPLARY DAMAGES

11.3    Defendants' acts or omissions described above, when viewed from the standpoint of the Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff, and to others. Defendants

**EXHIBIT C**

had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff, and of others. Therefore, for such negligence involving extreme risk and conscious indifference of Defendants, Plaintiff seeks exemplary damages in an amount to be determined appropriate by the jury at trial.

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

12.1    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII. REQUEST FOR JURY TRIAL

13.1    Plaintiff requests a jury trial and tender the appropriate fee

## XIV. NOTICE OF USE OF DOCUMENTS PRODUCED

14.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that all documents produced by the Defendants will be used at any pretrial proceeding or at the trial of this case.

## PRAYER

Plaintiffs pray that, upon final trial by jury, that they recover judgment of and from Defendants for his actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, exemplary damages, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

By:_____
Todd A. Hunter, Jr.
State Bar No. 24087774
Todd@lileswhite.com

*Varela v. Halliburton et al.*
*Plaintiff's 1ˢᵗ Amd. Petition*
Page 10 of 11

**EXHIBIT C**

**LILES WHITE PLLC**
500 N. Water St., Suite 800
Corpus Christi, TX 78401-0232
Tel: 361.826.0100
Fax: 361.826.0101
*Counsel for Plaintiff*
**E-Filing Notifications and Electronic**
**Service:** Efiling@LilesWhite.com

AND

Juan Reyna
State Bar No. 24027649
**Reyna Injury Lawyers, P.C.**
Principle Office
5656 S. Staples, Ste. 114
Corpus Christi, Texas 78411
Cel:  (361) 537-2457
Tel:  (361) 993-8100
Fax: (361) 993-8101
jr@jreynalawfirm.com
www.reynainjurylaw.com
*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as listed below, by the method of service indicated, on this 1st day of June, 2022.

*Via Electronic Service*
W. Bradford Hill, Jr
Hill & Finkel, LLP
602 Sawyer, Suite 450
Houston, Texas 77007
Telephone: 713.654.4004
Facsimile: 713.654.4028
Email: bhill@hillfinkel.com
*Attorneys for Defendants Halliburton*

*Varela v. Halliburton et al.*
*Plaintiff's 1st Amd. Petition*
Page 11 of 11

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Grace Silvas on behalf of Todd Hunter, Jr.
Bar No. 24087774
grace@lileswhite.com
Envelope ID: 65028754
Status as of 6/1/2022 4:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Todd Hunter | 24087774 | efiling@lileswhite.com | 6/1/2022 2:22:43 PM | SENT |
| Juan P. Reyna | 24027649 | jr@jreynalawfirm.com | 6/1/2022 2:22:43 PM | SENT |
| W BradfordHill Jr | | bhill@hillfinkel.com | 6/1/2022 2:22:43 PM | SENT |

**EXHIBIT C**

6/28/2022 2:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65851754
By: Iliana Perez
Filed: 6/28/2022 2:57 PM

CAUSE NO. 2022-13262

| | | |
|---|---|---|
| RODOLFO VARELA, AND ARTURO VARELA | § § § | IN THE 152nd JUDICIAL DISTRICT |
| v. | § § | OF |
| HALLIBURTON ENERGY SERVICES, INC., LOHI LOGISTICS, LLC, ASERE TRUCKING LLC, RAFAEL CAYETANO, AND JOSUE ANTONIO MORALES-TINAJERO | § § § § § § | HARRIS COUNTY, TEXAS |

## **DEFENDANT RAFAEL CAYETANO CESAREO'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THIS COURT:

RAFAEL CAYETANO CESAREO, ("Defendant"), files his Original Answer respectfully showing the Court the following:

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all material allegations of fact contained in Plaintiffs' Original Petition and demand Plaintiffs prove the allegations as required by law.

**II.**

Defendant shows the Court and Jury in the unlikely event of an adverse jury finding against Defendant, Plaintiffs are entitled to recover the amounts of reasonable and necessary medical expenses which proximately resulted from the accident in question and which were paid and accepted in addition to any balance owed, rather than the total amounts initially charged for medical expenses. *See* Tex. Civ. Prac. & Rem. Code § 41.0105.

**EXHIBIT C**

**Pleading to the Court Only**

**III.**

Defendant shows any recovery for lost earnings or loss of earning capacity damages are subject to the limitations of Section 18.091 of the Texas Civil Practice & Remedies Code.

**IV.**

Defendant shows if pre-judgment or post-judgment interest is recoverable in this case, it is limited in accordance with Section 304.001, et seq., and Section 304.101, et seq., of the Texas Finance Code Annotated.

**V.**

Defendant requests trial by jury.

Defendant prays Plaintiffs take nothing by their lawsuit and Defendant be awarded any and all such other and further relief they may be entitled to.

Respectfully submitted,

*/s/ Charles F. Russell*

_____

Charles F. Russell
Texas Bar No. 24066012
CRENSHAW, DUPREE & MILAM, L.L.P.
4411 98th Street (79424)
P. O. Box 64479
Lubbock, TX   79464-4479
(806) 762-5281
(806) 762-3510 (fax)
Email: crussell@cdmlaw.com
ATTORNEY FOR RAFAEL CAYETANO
CESAREO

**EXHIBIT C**

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on the attorneys of record on June 28, 2022:

Todd A. Hunter, Jr.
LILES WHITE PLLC
500 N. Water St., Suite 800
Corpus Christi, TX 78401
efiling@lileswhite.com

Juan Reyna
Reyna Injury Lawyer, PC
5656 S. Staples, Ste. 114
Corpus Christi, TX 78411
jr@reynalawfirm.com

W. Bradford Hill, Jr.
Hill & Finkel, LLP
602 Sawyer, Suite 450
Houston, TX 77007
bhill@hillfinkel.com

*/s/ Charles F. Russell*
_____
Charles F. Russell

**EXHIBIT C**