IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO VARELA, AND ARTURO VARELA | § § § | |
| v. | § § | |
| HALLIBURTON ENERGY SERVICES, INC.; LOHI LOGISTICS, LLC; ASERETRUCKING, LLC; RAFAEL CAYETANO CESAREO; AND JOSUE ANTONIO MORALES-TINAJERO | § § § § § § | CIVIL ACTION NO. 4:22-CV-02156 |

---

**DEFENDANT LOHI LOGISTICS LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

SBSB EASTHAM

Robert L. Klawetter
Fed. I.D. No. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Fed. I.D. No. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
& Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile:  (713) 574-2942

and

Frilot, LLC

Andrew S. de Klerk (LA 1045)
Attorney-in-Charge
Federal I.D. No. 31121
adeklerk@frilot.com
T. Patrick O'Leary (LA 30655)
Federal I.D. No. 1515080
poleary@frilot.com
Brandon K. Thibodeaux (LA 32725)
Federal I.D. No. 1515072
bthibodeaux@frilot.com
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
Telephone: (504) 599-8010
Facsimile:  (504) 599-8110

*Attorneys for Defendant,*
*LoHi Logistics, LLC*

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

INDEX OF AUTHORITIES....................................................................................... iii

INTRODUCTION ...........................................................................................................1

II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS..............................2

III.    ISSUE AND THE STANDARD OF REVIEW.................................................................2

IV.    CONGRESSIONAL FIAT ..............................................................................................3

V.    LEGAL ARGUMENT......................................................................................................4

      A.     Plaintiffs' claims are preempted by the FAAAA.........................................4

            1.     Dismissal of Plaintiffs' negligence-based claims against LoHi is appropriate because, even taking Plaintiffs' factual allegations as true, federal law governing federally licensed freight brokers preempts state law tort actions................................................................................4

            2.     The FAAAA expressly preempts Plaintiffs' claims that LoHi negligently entrusted cargo to a motor carrier ....................................................................4

                  a.     LoHi is a federally licensed freight broker providing the service of appointing and contracting with a motor carrier.............................4

                  b.     Federal law preempts state common law claims relating to the services provided by a federally licensed freight broker like LoHi .........................................................................................5

                  c.     Plaintiffs' claims are preempted by the FAAAA because they would have the effect of dictating the scope of services a broker must provide ......................................................................................7

                  d.     Ample authority supports preemption.................................................8

                          i.     It is undisputed that Plaintiffs' negligent hiring claims are directly related to LoHi's services as a broker ....................10

                        ii.     Cases involving routine negligence claims against airlines are inapplicable ....................................................10

                          iii.     The motor vehicle safety regulation exception of the FAAAA does not apply here because it was an intrastate movement .............................................................11

          iv.    Courts recognize preemption of personal injury claims.......13

    e.    The statutory framework is clear that freight brokers have a limited and defined scope of financial responsibility which does not deprive Plaintiffs of a tort remedy and recovery against the motor carrier....................................................................15

VI.    CONCLUSION AND PRAYER .......………………………………………....16

CERTIFICATE OF SERVICE ....................................................................17

# INDEX OF AUTHORITIES

## CASES

*AIG Europe Ltd. v. Gen. Sys., Inc.*,
2014 WL 3671566 (D. M.d. July 22, 2014) .................................................................. 8

*Alpine Fresh, Inc. v. Jala Trucking Corp.*,
181 F. Supp. 3d 250 (D. N.J. 2016) ........................................................................... 8

*Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc.*,
888 F. Supp. 2d 197, 205-06 (D. N.H. 2012) ............................................................ 8

*Arizona v. United States*,
567 U.S. 387 (2012) .................................................................................................. 5

*ASARCO LLC v. England Logistics Inc.*,
71 F. Supp. 3d 990 (D. Ariz. 2014) ........................................................................... 8

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009) ............................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
127 S.Ct. 1955 (2007) ............................................................................................... 3

*Charas v. Trans World Airlines, Inc.*,
160 F.3d 1259 (9th Cir. 1998) ................................................................................ 11

*Cipollone v. Liggett Group, Inc.*,
505 U.S. 504 (1992) .................................................................................................. 4

*Creagan, Jr. v. Wal-Mart Transportation, LLC*,
2018 WL 6523123 (N.D. Ohio Dec. 12, 2018) ....................................................... 14

*Dan's City Used Cars, Inc. v. Pelkey*,
569 U.S. 251 (2013) .................................................................................................. 6

*Enbridge Energy, LP v. Imperial Freight Inc.*,
Case No.  2019 WL 1858881 (S.D. Tex. April 25, 2019) .......................................... 8

*Estate of Vincent Flanagan, deceased v. BNSF Railway Company*,
1:21-cv-00014 (S.D. Iowa Nov. 19, 2021) .................................................... 12, 13, 15

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) .................................................................................... 2

*Gade v. Nat'l Solid Wastes Mgmt.*,
505 U.S. 88 (1992) ................................................................................................... 4

*Gauthier v. Hard to Stop, LLC*,
    2022 WL 344557 (S.D. Georgia Feb. 4, 2022) ...................................................................15

*Georgia Nut Co. v. C.H. Robinson Co.*,
    No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017)...................................8, 9, 14, 15

*Gillum v. High Standard, LLC*,
    No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020) .........2,3,5,6,9,13,14

*Jackson v. Stevie Trucking Corporation*,
    Case No. 2019-4634, Civil District Court for the Parish of Orleans,
    State of Louisiana.............................................................................................................14

*Krauss v. IRIS USA, Inc.*,
    2018 WL 2063839 (E.D. Pa. May 3, 2018) .........................................................................14

*Krauss v. Iris USA, Inc.*,
    2018 WL 3632107 (E.D. Penn. July 31, 2018) ..............................................................10, 14

*Loyd v. Salazar d/b/a RAS Trucking*,
    2019 WL 4577108 (W.D. Okla. Sept. 20, 2019)..................................................................14

*Mann v. C.H. Robinson Worldwide, Inc.*,
    2017 WL 3191516 ........................................................................................................10, 11

*Montes de Oca v. El Paso-Los Angeles Limousine Express, Inc.*,
    2015 WL 1250139 ..............................................................................................................11

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992)..............................................................................................................7

*Norris v. Hearst Trust*,
    500 F.3d 454, 461 n. 9 (5th Cir. 2007) .................................................................................2

*Owens v. Anthony*,
    2011 WL 6056409 ..............................................................................................................11

*Popal v. Reliable Cargo Delivery, Inc.*,
    No. PE:20-CV-00039-DC-DF, 2021 WL 1100526 (W.D. Tex. Jan. 20, 2021) ......................9

*Rowe v. New Hampshire Transp. Ass'n*,
    552 U.S. 364, 371 (2008).............................................................................6, 7, 9, 11, 13

*Simpson v. Omega Precision, Inc.*,
    Case No. 34-2017-00210287, Superior Court of the State of California County of
    Sacramento.........................................................................................................................14

*United Airlines, Inc. v. Mesa Airlines, Inc.*,
    219 F.3d 605 (7th Cir. 2000) ................................................................. 6

*Volkova v. C.H. Robinson Co.*,
    2018 WL 741441 (N.D. Ill. Feb. 7, 2018) ............................................ 14

*Wyeth v. Levine*,
    555 U.S. 555 (2009) ............................................................................... 4

*Zamorano v. Zyna LLC*,
    No. SA-20-CV-00151-XR, 2020 WL 2316061 (W.D. Tex. May 11, 2020) ............ 3, 5, 9, 14

## **RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1,3

108 Stat. 1605-06 ......................................................................................... 1

49 C.F.R. § 371.2(a) ...................................................................................... 5

49 C.F.R. 371.2(c) ............................................................................ 5, 6, 7, 10, 11

49 U.S.C. § 13102(2) ..................................................................................... 4

49 U.S.C. § 13102(23) .................................................................................... 5

49 U.S.C. § 13906 ........................................................................................ 15

49 U.S.C. § 13906(b)(2) ................................................................................ 15

49 U.S.C. § 13906(b)(3) ................................................................................ 15

49 U.S.C. § 14501 .......................................................................................... 1

49 U.S.C. § 14501(b) .................................................................................... 13

49 U.S.C. § 14501(b)(1) .............................................................. 1, 3,5, 6, 7, 11, 12

49 U.S.C. § 14501(c)(1) ............................................................................ 5, 13

49 U.S.C. § 14501(c)(2)(A) ..................................................................... 11, 12, 13

NOW INTO COURT, through undersigned counsel, comes Defendant, LoHi Logistics, LLC ("LoHi"), and pursuant to Fed. R. Civ. P. 12(b)(6) moves this Honorable Court to dismiss the claims advanced by Plaintiffs with prejudice for failure to state a claim because all claims presently advanced by Plaintiffs are expressly preempted, as is more fully set forth in the Memorandum in Support.[1]

## I.   __INTRODUCTION__

1.      Plaintiffs' claims against LoHi are preempted by federal statute.  The Federal Aviation Administration Authorization Act, 108 Stat. 1605-06 (the "FAAAA"), and the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501, expressly preempt Plaintiffs' state-law negligence claims against licensed freight brokers such as LoHi. The FAAAA bars any state law that affects rates, routes, or services of any motor carrier or any private carrier, broker, or freight forwarder with respect to the transportation of property. State law causes of action, such as Plaintiffs' negligence claims, qualify as state laws subject to the Supremacy Clause of the Constitution and, therefore, are subject to preemption.

2.      The causes of action alleged against LoHi, a licensed freight broker, in Plaintiffs' First Amended Petition ("Amended Petition"), which arise under the laws of the state of Texas—specifically, Plaintiffs' claims for negligence (direct or otherwise) are entirely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), at 49 U.S.C. § 14501(b)(1). Plaintiffs' Amended Petition fails to state a claim upon which relief can be granted because Plaintiffs' allegations confirm that LoHi was the broker (not the motor carrier) of the load in question.  Because the Amended Petition fails to state a legally cognizable cause of action against

---

[1]      Because LoHi did not file an answer in state court prior to this removal, under Federal Rule of Civil Procedure 81(c)(2)(C), LoHi's deadline to file an answer or present a defense is seven days from the date of removal.  Therefore, LoHi files this 12(b)(6) motion at this time.  LoHi notified Plaintiffs of its intent to file this motion on June 23, 2022, in a good faith effort to comply with any conference requirements that be implicit in the local rules and Your Honor's Individual Practices.

LoHi, all of Plaintiffs' claims should be dismissed as against LoHi for failure to state a claim upon which relief can be granted.  For these reasons, more fully discussed below, this Motion should be granted.

## II.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

3.     Plaintiffs allege in their Amended Petition that they sustained damages as a result of an alleged motor vehicle accident that occurred in Winkler County, Texas on January 31, 2022.  Plaintiffs admit that LoHi was a freight broker in their Amended Petition, Paragraph 4.4, when they allege "Defendant Halliburton entered into a *broker agreement* with Defendant LoHi Logistics to transport their trailer . . . Defendant LoHi Logistics *coordinate* the work to be performed by Defendant AsereTrucking and Defendant Morales-Tinajero."  *Id.* at ¶4.4 (emphasis added)."  ECF Doc 1-6.[2]  Plaintiffs' allegations establish LoHi is being sued for its role as a federally licensed freight broker.  LoHi removed this civil action to this Court on June 30, 2022.  ECF Doc. 1.

## III.   ISSUE AND THE STANDARD OF REVIEW

4.     The legal issue involved is whether, in the event of an accident, a federally licensed freight broker can be sued on a common law negligence claim, direct or otherwise, that affects their services.  The question is whether Plaintiffs' common law negligence claim is preempted by Congressional fiat, or otherwise fails to state a claim upon which relief can be granted against a freight broker, which, in either event, subjects it to dismissal under rule 12(b)(6) of the Federal Rules of Civil Procedure.  This exact situation has been addressed by the Western District of Texas before.  *See Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27,

---

[2]     LoHi requests this Court take judicial notice of its federally licensed freight broker authority marked as Exhibit A to this Motion to Dismiss and attached as Exhibit F to LoHi's Notice of Removal.  ECF Doc. 1-6.  LoHi's Exhibit A is both embraced by the pleadings and is subject to judicial notice because it is maintained on government website.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (finding that the district court "took appropriate judicial notice of publicly-available documents and transcripts produced by the FDA, which were matters of public record directly relevant to the issue at hand.") (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

2020); *see also Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061 (W.D. Tex. May 11, 2020).  As in *Gillum*, this Court must now determine if preemption provisions in federal law, particularly 49 U.S.C. § 14501(b)(1), apply to the claims made by the Plaintiffs.

5.      A federally licensed freight broker is analogous to a travel agent for freight.  Just as a travel agent seeks appropriate fares on desired routes, a federally licensed freight broker seeks rates for freight.  To understand why Plaintiffs' causes of action against a federally licensed freight broker fail, all one must do is ask themselves:  If a Southwest Airlines flight were to crash onto a home, could the homeowner sue the travel agent of a passenger who was on that particular flight?  The answer would be no.  This tenuous claim is not supported under the law and defies logic.

6.      This issue involves purely legal disputes concerning the interpretation of a statute and is therefore subject to de novo review by this Court. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  The legal tests to dismiss pursuant to Rule 12(b)(6) are discussed in further detail below.

## IV.      CONGRESSIONAL FIAT

7.      The statutes on which this Motion is based, arise out of the deregulation of the airline and trucking industries.  Congressional intent was to take the states out of the equation and prevent the patchwork of regulations and common laws that could differ across the country.  In this instance, the statutes are crystal clear, the legal debate about the statutes' meaning is solely the result of lawyers trying to avoid their intended consequences.  The arguments raised against federally licensed freight brokers are invariably based on a sympathy factor.

3

## V.   LEGAL ARGUMENT

**A.   Plaintiffs' claims are preempted under the FAAAA**

**1.   Dismissal of Plaintiffs' negligence-based claims against LoHi is appropriate because, even taking Plaintiffs' factual allegations as true, federal law governing federally licensed freight brokers preempts state law tort actions.**

8.      Article VI, section 2, of the Constitution contains the Supremacy Clause, which provides that the Constitution and laws of the United States are the supreme law of the land, the laws of any state to the contrary notwithstanding. U.S. CONST. ART VI §. 2.  In applying the Supremacy Clause, the Supreme Court recognizes two types of preemption:

> field preemption, where the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it, and conflict preemption, where compliance with both federal and state regulations is a physical impossibility, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

*Gade v. Nat'l Solid Wastes Mgmt.*, 505 U.S. 88, 98 (1992) (internal citations and punctuation omitted). The Supreme Court has also held that state common law, specifically tort actions, qualifies as a state law subject to preemption under the Supremacy Clause, absent a demonstration of a contrary intent by Congress. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521-24 (1992). In analyzing preemption claims, the Court has recognized two governing principles: (1) Congress' intent is the ultimate touchstone in every preemption case; and (2) the courts presume that federal legislation does not preempt states' plenary police powers unless that was the clear and manifest purpose of Congress. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009).

**2.   The FAAAA expressly preempts Plaintiffs' claims that LoHi negligently hired and/or trained and/or supervised a motor carrier's driver.**

**a.   LoHi is a federally licensed freight broker providing the service of appointing and contracting with a motor carrier.**

9.      LoHi was a federally licensed freight broker, pursuant to 49 U.S.C. § 13102(2), and was acting under that authority.  Plaintiffs' factual allegations against LoHi are all based on LoHi's

actions as a broker.   Amended Petition, Paragraph 4.4, ECF Doc 1-4.  As a matter of law and of fact, the only role that a federally licensed freight broker plays in the transportation of goods through intrastate or interstate commerce is arranging for the transportation of freight by the appointment of the motor carrier.

>    **b.    Federal law preempts state common law claims relating to the services provided by a federally licensed freight broker like LoHi.**

10.    Article VI of the Constitution establishes federal law as the "supreme Law of the Land."  Congress can declare the supremacy of federal law on a given subject explicitly, by enacting legislation stating that federal law supersedes state law.  *Arizona v. United States*, 567 U.S. 387, 398-399 (2012) (citing the motor Carrier Act of 1980, Pub.I. No. 96-296, 94 Stat. 793).  This did not, however, stop states from enacting and enforcing laws affecting prices, routes, and services.  So, in 1994, as part of the "FAAAA",[3] Congress expressly preempted States from enacting or enforcing laws relating to prices, routes, **or services** provided by, among other entities, brokers:

>    *no State* or political subdivision thereof and no intrastate agency or other political agency of 2 or more States *shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to* intrastate rates, intrastate routes, or *intrastate services of any freight* forwarder or *broker*.

49 U.S.C. §14501 (b)(l)[4] (emphasis added).[5]  *See* 49 C.F.R. § 371.2(a), (c);49 U.S.C. § 13102(23).

11.    Some have erroneously suggested that Congress did not define what "services" mean in the context of federally licensed freight brokers.  This argument, however, ignores unambiguous

---

[3]    The following year, Congress enacted the Interstate Commerce Commission Termination Act which recodified the preemption provision. Thus, some cases use "ICCTA" to designate the same preemption provision. LoHi herein refers to the earlier statute, the FAAAA.

[4]    LoHi would note that the supermajority of litigation evaluating this type of preemption is in the context of interstate movements under 49 U.S.C. § 14501(c)(1). Thus, this motion will rely upon that jurisprudence and LoHi would submit that it is generally informative of how the issue should be resolved in regard to intrastate movement of cargo. However, per the express statutory language relied upon by LoHi, there are significant differences. The *Gillum* and *Zamarano* cases cited herein involved intrastate movement of cargo.

[5]    Any transportation services at issue herein were intrastate in nature at all times relevant hereto.  *See* Notice of Removal at ¶5 and Ex. G (Dkt No. 1)

language in the federal regulations that govern federally licensed freight brokers.  Specifically, 49 C.F.R. 371.2(c) defines "brokerage" or "brokerage service" as "the arranging of transportation or the physical movement of a motor vehicle or of property." *Gillum*, 2020 WL 444371 a *4.  The "service" of a federally licensed freight broker relates to the "arranging of transportation."

12.     The FAAAA preemption clause expressly prohibits enforcement of state laws "relating to . . . intrastate services" of any "broker" with respect to "the transportation of property." 49 U.S.C. §14501(b)(1).  The phrase "relating to" in the FAAAA embraces state laws "having a connection with or reference to" such services, whether directly or indirectly. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013).  Because the ordinary meaning of the phrase "relating to" is broad, the FAAAA expresses a broad pre-emptive purpose. *Id.*  The FAAAA thus preempts any state common law claims and laws related to the services provided by a federally licensed freight broker with respect to the transportation of property, except for laws having only a tenuous, remote, or peripheral connection to such service.  *Id.* at 261; *Rowe v. New Hampshire Transp. Ass'n,* 552 U.S. 364, 371 (2008); *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 607 (7th Cir. 2000).

13.     The United States Supreme Court has broadly construed the FAAAA's preemptive reach. *Rowe*, 552 U.S. at 371-372. *Rowe* involved a Maine statute governing the shipment of tobacco, which required shippers to have a system in place to confirm that recipients were over the legal age for tobacco products. The law also had a provision that conclusively deemed carriers to know that a package contained tobacco if the package was marked as having come from certain designated tobacco retailers. Several transport carrier associations brought suit, claiming that federal law preempted these provisions.

14.     In *Rowe*, the Supreme Court held that the FAAAA preempted the at-issue state laws. The Court noted that the preemption language in the FAAAA mirrored the preemption language in

the Airline Deregulation Act of 1978, which the Court had analyzed in the case of *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992).   Considering that the FAAAA's legislative history demonstrated that Congress approved of the Court's analysis in *Morales*, the Court held that *Morales* was applicable precedent in FAAAA cases.   Relying on *Morales*, the Court in *Rowe* held that - as applicable here - **the FAAAA preempts state laws having a connection to the services of a covered entity (such as a broker), whether the effect on services was direct or indirect,** and that preemption applies at least where the state law has a significant impact on Congress' deregulatory and preemption-related objectives.   *Rowe*, 552 U.S. at 370 (emphasis added).

15.     The Court also explained that the overarching goal of FAAAA preemption is to ensure that transportation costs and services reflect a "maximum reliance on competitive forces" thereby stimulating efficiency, innovation, and low prices. *Rowe*, 552 U.S. at 371. The purpose of FAAAA preemption is to allow transportation services companies to develop and make available services guided by market forces and free from state laws regulating or prescribing the services provided. *Id.* at 372-373. For these reasons, state laws dictating or restricting the scope of transportation services provided are preempted. *Id.*   Applying these principles, the Court ruled that both state laws at issue in *Rowe* were preempted.

> **c.     Plaintiffs' claims are preempted by the FAAAA because they would have the effect of dictating the scope of services a broker must provide.**

16.     Plaintiffs' claims that LoHi is responsible for the alleged negligence of a driver and under the theory that the driver was an agent or employee of LoHi  (Amended Petition ¶¶ 4.4, V, X (erroneously labeled V)) are preempted by the FAAAA. Section 14501(b)(1) preempts "Laws" including common-law claims – "having a connection with, or reference to" the "services" of federally licensed freight brokers. As acknowledged by Plaintiffs, the service (*see* 49 C.F.R. 371.2(c)) that LoHi provides as a federally licensed freight broker is appointing and contracting with a motor

carrier to haul loads. Plaintiffs' negligence-based claims are based on the allegations that LoHi should have provided enhanced services of investigating and evaluating the retained motor carrier's safety record and hiring practices as well as the capabilities of the particular driver. Plaintiffs' state-law negligent-hiring, agency and *respondeat superior* claims have the direct effect of dictating the scope and level of services that a freight broker, like LoHi, provides in appointing a federally licensed motor carrier. Plaintiffs' claims are expressly grounded in allegations that LoHi offered to its customers the broker service of appointing a federally licensed motor carrier, but neglected - as part of that service - to perform the alleged additional investigation and evaluation services.  Because Plaintiffs' negligent brokering and hiring claims have a direct and indisputable connection to the services of a federally licensed freight broker with respect to the transportation of property and would significantly frustrate Congress' objectives in enacting the FAAAA, they fall squarely within the preemptive reach of the FAAAA.

### d. Ample authority supports preemption.

17. Numerous district courts have held that the FAAAA preempts common-law negligent hiring claims against federally licensed freight brokers. *Georgia Nut Company v. C.H. Robinson Company*, 2017 WL 4864857, at *4 (N.D. Ill. Oct. 26, 2017); *Ameriswiss Tech., LLC v. Midway Line of Illinois, Inc.*, 888 F. Supp. 2d 197, 205-06 (D. N.H. 2012); *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 257 (D. N.J. 2016);  *ASARCO LLC v. England Logistics Inc.*, 71 F. Supp. 3d 990, 1006-07 (D. Ariz. 2014) (holding that a negligence claim against a broker would affect its "services" and so was preempted under the FAAAA/ICCTA); *AIG Europe Ltd. v. Gen. Sys., Inc.*, 2014 WL 3671566, at *4 (D. M.d. July 22, 2014); *Enbridge Energy, LP v. Imperial Freight Inc.*, Case No.  2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019).

18. In *Georgia Nut*, for example, a freight broker was sued for negligently selecting and contracting with a motor carrier and moved to dismiss under Rule 12(b)(6) on the basis of FAAAA

preemption. The court held that the plaintiffs' claims were preempted because they had a significant

impact on the deregulatory objectives of the FAAAA. The court explained:

> The purpose of the FAAAA preemption was to free interstate shipping from a patchwork of state laws and regulations and to replace those rules with "competitive market forces." *Rowe v. N.H. Motor Transp. Ass'n*., 552 U.S. 364, 371, 128 S. Ct. 989, 169 L.Ed. 2d 933 (2008) (describing Congress' overarching goal in passing the ADA "as helping ensure transportation rates, routes, and services that reflect 'maximum reliance on competitive market forces,' thereby stimulating 'efficiency, innovation, and low prices,' as well as 'variety' and 'quality'"). Enforcing state negligence laws that would have a direct and substantial impact on the way in which freight brokers hire and oversee transportation companies would hinder this objective of the FAAAA.

*Georgia Nut*, 2017 WL 4864857, at *3.

19.      Notably, the same conclusion was reached in the Western District, San Antonio

Division.  *See Gillum*, 2020 WL 444371; and *Zamorano* 2020 WL 2316061; *but see Popal v. Reliable*

*Cargo Delivery, Inc.*, No. PE:20-CV-00039-DC-DF, 2021 WL 1100526, at *5 (W.D. Tex. Jan. 20,

2021), *rep. & rec. adopted in part, rejected in part on different grounds*, 2021 WL 1100097 (W.D.

Tex. Mar. 10, 2021) (declining to follow *Gillum*).

20.      Although Plaintiffs may argue that personal injuries claims are distinct from those that

are preempted by the FAAAA, there is no basis in the text of the FAAAA which, in any way, suggests

that preemption depends on the nature of the damages or injury involved. Nor do the cases refusing

to enforce preemption identify any textual basis to justify such a distinction or attempt to reconcile

their holdings with those courts finding preemption in property damage cases.  Further, both *Gillum*

and *Zamorano* involved personal injury claims.

21.      Courts declining to enforce preemption have sought to defend their decision on one

or more of three justifications: (1) that the negligent hiring claim is only remotely related to the

"services" of a broker; (2) that preemption was found not to apply under the Airline Deregulation Act

in routine personal injury actions against airlines; and/or (3) that the FAAAA carve out for motor

vehicle safety regulation applies to claims against freight brokers.  None of these rationales support disregarding the FAAAA's plain and broad preemption language.

> ### i. It is undisputed that Plaintiffs' negligent hiring claims are directly related to LoHi's services as a broker.

22.     Some courts have concluded that the state law negligent hiring action was only remotely related to the alleged services of the freight broker.  *See, e.g.*, *Mann v. C.H. Robinson Worldwide, Inc.,* 2017 WL 3191516, at \*7.  The rationale does not withstand scrutiny and ignores the explicit statutory definition of "services" (49 CFR § 371.2(c) "brokerage service is the arranging of transportation or the physical movement of a motor vehicle or of property") and, in any event, is inapplicable here because the Amended Petition alleges facts establishing that Plaintiffs' negligence-based claims are directly related to the service LoHi provides as a federally licensed freight broker.

23.     In their Amended Petition, Plaintiffs allege repeatedly that LoHi was negligent in its hiring/selection/retention of a motor carrier to haul the Load.  The Amended Petition then alleges that LoHi is liable for damages because it failed to provide the additional services of investigating and evaluating specified aspects of its appointed motor carrier and driver's safety record as part of its motor carrier appointment service. *Id.*  Plaintiffs' state law claims are therefore preempted by the FAAAA because they directly related to the freight broker service that LoHi provides to its customers. *See Krauss v. Iris USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) (The court addressed this very issue on reconsideration and affirmed the application of the FAAAA's preemption to a personal injury claim against a freight broker).

> ### ii. Cases involving routine negligence claims against airlines are inapplicable.

24.     A few courts have held that negligent hiring claims against a freight broker are not preempted based on case law developed under the Airline Deregulation Act ("ADA") involving personal injury claims against airlines.  *See, e.g., Montes de Oca v. El Paso-Los Angeles Limousine*

*Express, Inc.*, 2015 WL 1250139, at *2.  The FAAAA preemption language mirrored that of the ADA. As a consequence, some courts have misread those prior airline cases, in the context of freight brokers. The airline personal injury cases are inapposite, because the meaning of the term "service" applicable to this case is controlled by the Supreme Court in *Rowe* and federal regulations (49 C.F.R. 371.2(c))*, supra*).  In the decade following enactment of the ADA, numerous courts struggled with the applicability of the term "service" under the ADA with respect to the operations of the airlines. *See Charas v. Trans World Airlines, Inc*., 160 F.3d 1259, 1263 (9th Cir. 1998), *opinion amended on denial of reh'g*, 169 F.3d 594 (9th Cir. 1999).  The fundamental distinction between the issue of "service," as it relates to the airline cases, is that the freight broker is more akin to a travel agent as opposed to an airline. For example, airlines own planes and employ pilots and flight attendants. Freight brokers on the other hand do not own trucks nor do they employ drivers.  Thus, the underlying assumptions from "service" in the context of the airlines cases is inapplicable to the issue here involved under the FAAAA.

### iii. The motor vehicle safety regulation exception of the FAAAA does not apply here because it was an intrastate movement.

25.     A few courts have found that state law negligent hiring claims fall within the FAAAA preemption "carve out" for safety regulations in Section 14501(c)(2)(A).  *See, e.g., Mann,* 2017 WL 3191516, at *8; *Owens v. Anthony,* 2011 WL 6056409, at *3. Of note, the "carve out" for safety regulations would not be at issue in this matter. The safety regulation language does not appear, at all, in the statute dealing with intrastate movements, 49 U.S.C. §14501 (b)(l). Notwithstanding the inapplicability of the carve out, LoHi submits that these decisions are in error because the carve out does not apply to common law negligent hiring claims against a freight broker, as they deal with motor "**vehicle**" safety.

26.     The FAAAA preemption "carve out" states:

Matters not covered—Paragraph (1)—

(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization [.]

49 U.S.C. §14501(c)(2)(A).  Compare the text of 49 U.S.C. § 14501(b)(1) which is the font from which the subject preemption flows.  That statutory section is entitled "Freight forwarders and brokers" and contains no similar language.  Only when the preemption is expanded to include certain claims against **motor carriers**, in regards to **motor vehicles**, is the safety exception added. This corroborates the notion that the "carve out" is directed only at motor carriers and the states' ability to regulate safety related to their **motor vehicles**. To that end, the scope of the carve out is limited and clearly, by its plain language, is not intended to create an independent right of action to enforce a state's police power.  The text of the Section 14501(c)(2)(A) carve out makes clear that it applies only to state regulatory authority and only with respect to **motor vehicle** safety, highway regulation and insurance requirements.

27.     A federal judge in the Southern District of Iowa recently dealt with whether or not the safety regulation exception applies to freight brokers.  In a very well-reasoned fifteen-page opinion Judge Rebecca Goodgame Ebinger methodically took apart the argument that personal injury/fatality claims are saved from preemption by the so-called safety regulation exception.  *Estate of Vincent Flanagan v. BNSF Railway Company*, 1:21-cv-00014 (S.D. Iowa Nov. 19, 2021)(ECF doc. 9-1). Specifically on this point, she held:

The FAAAA provides an exception to preemption for the "safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). The exception provides the FAAAA does not limit the State's authority "to impose highway route

controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization." *Id.*

Considering the language of the exception, Plaintiffs' claim is unrelated to the motor vehicle safety regulations contemplated by the regulatory authority exception. Plaintiffs allege a common law negligent selection of a shipping broker claim. ECF No. 23 ¶¶ 48–56. Plaintiffs do not allege a claim for negligence per se. *See id.* Common law negligent hiring claims are a private right of action. Such claims do not constitute regulations enforced by a State regulatory agency. *See Rowe*, 552 U.S. at 371–75 (discussing Maine's regulation of tobacco delivery). Even if the State's regulatory authority encompassed common law negligence claims, Plaintiffs' claim for negligent selection of a shipping broker does not concern the regulation of motor vehicle safety. While the vehicle involved in the collision would be subject to the State's safety regulatory authority, NTC Logistics, as a broker, does not own or operate that motor vehicle. The nature of Plaintiffs' claim supports finding the safety regulatory exception does not apply.

Further, the Court notes the safety regulatory exception has a narrower application than the broader preemption provision. Where the preemption provision applies to motor carriers and brokers, the exception applies specifically to the "safety regulatory authority" of a State as it pertains to motor vehicles, including the State's authority to regulate "motor carriers with regard to . . . insurance requirements." Compare 49 U.S.C. § 14501(c)(1), with id. § 14501(c)(2)(A). The safety regulatory exception's narrower language indicates a more limited application of the exception to motor carriers and motor vehicle safety. The exception's text supports finding the safety regulatory exception does not apply to negligent hiring claims against brokers.

Because Plaintiffs' negligent hiring claim against NTC Logistics is not a regulation of the safety of motor vehicles, the FAAAA's safety regulatory exception does not apply to Plaintiff's claim. As such, the FAAAA preempts Plaintiffs' negligent selection of a shipping broker claim against NTC Logistics. NTC Logistics is entitled to dismissal on this ground.

*Flanagan*, 1:21-cv-00014; *see also Gillum*, 2020 WL 444371 *5.  Given that the carve out appearing at 49 U.S.C. §14501(c)(2)(A) is inapplicable to the case at bar because it is absent from the statute addressing intrastate movements, this Court need not determine the scope of the language that is at the heart of the majority of cases under which preemption has been deemed inapplicable.  *See* 49 U.S.C. § 14501(b).

iv.      **Courts recognize preemption of personal injury claims.**

28.     As brokers have been more frequently dragged into trucking accident litigation (as a part of the supply chain) federal courts in Texas have faithfully applied the express and unambiguous statutory language and held that common law negligence claims against freight brokers are preempted by the FAAAA.  *See Gillum*, 2020 WL 444371; *Zamorano*, 2020 WL 2316061.

29.     In *Gillum*, the United States District Court for the Western District of Texas was faced with identical claims to those raised in this pending action and concluded that negligent hiring and vicarious liability claims brought against a freight broker are preempted by the FAAAA.  In *Gillum*, the plaintiff sued a driver, several trucking companies, and a freight broker.  That court held the claims were preempted.  The court properly recognized that the claims made by the plaintiff related to the services provided by a broker: "In essence, Plaintiff claims that [the broker] was negligent in arranging for the transportation of property between motor carriers. These allegations **'go to the core of what it means to be a careful broker.'"** *Gillum at *8* (quoting *Krauss v. IRIS USA, Inc.*, 2018 WL 2063839, at *5 (E.D. Pa. May 3, 2018)) (emphasis added).

30.     A claim against a freight broker under a negligent hiring theory, based upon the selection of a carrier is completely preempted under the FAAAA.  *See id*; *see also Georgia Nut Co. v. C.H. Robinson Co.*, No. 17 C 3018, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017).  LoHi would submit that the ruling in *Gillum* is on four squares with the claims in this matter and the thoughtful and in-depth analysis provided by that Court is instructive. *See also Volkova v. C.H. Robinson Co.*, 2018 WL 741441 (N.D. Ill. Feb. 7, 2018), *Krauss v. Iris USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018), *Creagan, Jr. v. Wal-Mart Transportation, LLC*, 2018 WL 6523123 (N.D. Ohio Dec. 12, 2018), *Loyd v. Paul Salazar d/b/a RAS Trucking,* 2019 WL 4577108 (W.D. Okla. Sept. 20, 2019), *Zamorano*, 2020 WL 2316061, *Simpson   v. Omega Precision, Inc.,* Case No. 34-2017-00210287, Superior Court of the State of California County of Sacramento, *Jackson v. Stevie Trucking*

*Corporation,* Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana, *Estate of Vincent Flanagan, deceased, v. BNSF Railway Company,* 1:21-cv-00014 (S.D. Iowa Nov. 19, 2021), and *Gauthier v. Hard to Stop, LLC*, 2022 WL 344557 (S.D. Georgia Feb. 4, 2022).

31.     As the courts in the above cited cases*,* this Court should find that Plaintiffs' negligence claims against LoHi are preempted by the FAAAA.

> **e.     The statutory framework is clear that freight brokers have a limited and defined scope of financial responsibility which does not deprive Plaintiffs of a tort remedy and recovery against the motor carrier.**

32.     In support of the broad scope of FAAAA preemption for freight brokers, it is worth noting that the express preemption of Plaintiffs' common law tort claims does not leave Plaintiffs without a remedy.  It is well-settled that the FAAAA does not preempt common law negligence claims against licensed motor carriers for negligent operation of a motor vehicle.  *See* 49 U.S.C. § 13906(b)(2) and (3) which only requires licensed freight brokers to maintain a $75,000 bond to respond to a motor carrier's unpaid freight charges; whereas motor carriers are required by federal law to carry automobile liability insurance to respond to property damage and personal injury claims by third parties. The motor carrier's insurance is further backed by a $750,000 bond via a MCS-90 Endorsement intended to respond to "public liabilities." A review of 49 U.S.C. § 13906 ("Security of motor carriers, motor private carriers, brokers and freight forwarders") demonstrates that Congress has mandated that motor carriers and freight forwarders, i.e., entities that actually own and operate **motor vehicles**, must maintain liability insurance/security to respond to bodily injury or death claims. There is no statutory requirement that a freight broker carry liability insurance or such a bond. Congress has spoken clearly on this.  To that end, Plaintiffs have named the motor carrier as a defendant.  Accordingly, LoHi respectfully asks the Court to enter an Order dismissing Plaintiffs' negligence claims (direct or otherwise) against LoHi, with prejudice, since they are preempted by federal law.

## VI.    CONCLUSION AND PRAYER

33.    All of Plaintiffs' claims against LoHi, a licensed freight broker, are squarely preempted by the FAAAA or otherwise fail to state a claim against LoHi.  Accordingly, LoHi prays this Court grant its Motion to Dismiss pursuant to Rule 12(b)(6).  Because amendment of Plaintiffs' Petition would be futile, this dismissal should be with prejudice.

Respectfully submitted,

SBSB EASTHAM

/s/ Robert L. Klawetter

Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
    & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile:  (713) 574-2942

and

FRILOT, LLC

Andrew S. de Klerk (LA 1045)
Attorney-in-Charge
Federal I.D. No. 31121
adeklerk@frilot.com
T. Patrick O'Leary (LA 30655)
Federal I.D. No. 1515080
poleary@frilot.com
Brandon K. Thibodeaux (LA 32725)
Federal I.D. No. 1515072
bthibodeaux@frilot.com
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
Telephone: (504) 599-8010
Facsimile:  (504) 599-8110

*Attorneys for Defendant,*
*LoHi Logistics, LLC*

### CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **July 7, 2022**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Houston Division.

*/s/ Robert L. Klawetter*
Robert L. Klawetter

17